UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NORMAN HOEWISCHER,

          Plaintiff,

vs.                                      Case No.  3:12-cv-1167-J-32MCR

LAWTEY COMMUNITY FOOD STORE Inc.,

          Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss (Doc. 11) filed June 6, 2013.  Plaintiff, a disabled individual who utilizes a wheelchair for mobility, brought this action for injunctive relief pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101, et seq.  On March 12, 2013, a copy of the Complaint and summons were served on Siyoum Abebe, the assistant manager of Defendant Lawtey Community Food Store, Inc.  (Doc. 6).  Defendant, however, did not file an answer to the Complaint.  Thus, a Clerk's Default was entered on April 24, 2013.  (Doc. 8).  The default was vacated on May 13, 2013.  (Doc. 10).

On June 6, 2013, Alemayeha Banba, the owner of Lawtey Community Food Store, Inc., filed the instant Motion to Dismiss arguing that it should be dismissed from this action because it is a tenant and not the owner of the subject property.  (Doc. 6).  In response, on June 20, 2013, Plaintiff moved to strike Defendant's filings because a corporation must be represented by counsel.  (Doc. 7).

As Defendant is a corporation, it will be required to secure alternative counsel. While a defendant has a statutory right to represent himself in all courts of the United States, 28 U.S.C. §1654, the Eleventh Circuit has stated that "[t]he rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). Additionally, Local Rule 2.03(e) states that "[a] corporation may appear and be heard only through counsel admitted to practice in the Court ..." Thus, Defendant will be given until **Thursday, August 1, 2013** to hire counsel and file a notice of appearance. Failure to do so may result in sanctions, including the entry of a default or default judgment. See Obermaier v. Driscoll, 2000 WL 33175446 (M.D. Fla 2000).[1]

Accordingly, after due consideration, it is

**ORDERED:**

1.   Defendant's Motion to Dismiss (Doc. 11) is **DENIED without prejudice.** Defendant shall have until **Thursday, August 1, 2013** to hire counsel and for said counsel to file a notice of appearance.

2.   Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Set Aside Default (Doc. 12) is hereby **MOOT.**

---

[1]   In response to Defendant's contention that it can not be liable as a tenant under the ADA, the Court advises that, under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, *leases (or leases to), or operates* a place of public accommodation." 42 U.S.C. §12182(a) (emphasis added).

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of June, 2013.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Alemayehu Banda
23702 US Highway 301
Lawtey, FL 32058